

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### Amarillo Division

UNITED STATES OF AMERICA

v.

RODNEY JAMIE HICKS

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 2:19-CR-043-Z-BR(01)
U.S. Marshal's No.: 58394-177
Anna Marie Bell, Assistant U.S. Attorney
John D Talley, Attorney for the Defendant

On May 20, 2019 the defendant, RODNEY JAMIE HICKS, entered a plea of guilty as to Count Six of the Indictment filed on February 28, 2019. Accordingly, the defendant is adjudged guilty of such Count, which involves the following offense:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:922G.F 18 U.S.C. §§ 922(g)(1) and 924(a)(2) | Convicted Felon in Possession of Ammunition | 02/13/2019 | Six |

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to Title 18, United States Code § 3553(a), taking the guidelines issued by the United States Sentencing Commission pursuant to Title 28, United States Code § 994(a)(1), as advisory only.

The defendant shall pay immediately a special assessment of $100.00 as to Count Six of the Indictment filed on February 28, 2019.

Upon Motion of the government, all remaining Counts are dismissed, as o this defendant only.

The defendant shall notify the United States Attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Sentence imposed September 17, 2019.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

Signed September 18, 2019.

## IMPRISONMENT

The defendant, RODNEY JAMIE HICKS, is hereby committed to the custody of the Federal Bureau of Prisons (BOP) to be imprisoned for a term of **seventy one (71) months as to Count Six** of the Indictment filed on February 28, 2019. This sentence shall run consecutive to any future parole revocation imposed in Case No. F90-01213-IL: Criminal District Court No. 5, Dallas County, Texas

The Court makes the following recommendations to the Bureau of Prisons:

1. that the Defendant be allowed to participate in treatment and rehabilitation programs, while in the custody of the Federal Bureau of Prisons, if eligible, if possible; and

2. that the Defendant be assigned to a facility in the Northern District of Texas, nearest the City of Amarillo, if f eligible, if possible.

The Defendant is remanded to the custody of the United States Marshal.

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **three (3) years** as to Count Six of the Indictment filed on February 28, 2019.

While on supervised release, in compliance with the Standard Conditions of supervision adopted by the United States Sentencing Commission at Section 5D1.3(c), the defendant shall:

( 1)    not leave the judicial district without the permission of the Court or probation officer;
( 2)    report to the probation officer as directed by the Court or probation officer and submit a truthful and complete written report within the first five (5) days of each month;
( 3)    answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
( 4)    support the defendant's dependents and meet other family responsibilities;
( 5)    work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
( 6)    notify the probation officer within seventy-two (72) hours of any change in residence or employment;
( 7)    refrain from excessive use of alcohol and not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
( 8)    not frequent places where controlled substances are illegally sold, used, distributed, or administered;
( 9)    not associate with any persons engaged in criminal activity and not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
(10)    permit a probation officer to visit the defendant at any time at home or elsewhere and permit confiscation of any contraband observed in plain view by the probation officer;

Case 2:19-cr-00043-Z-BR   Document 71   Filed 09/18/19   Page 3 of 5   PageID 174

Judgment in a Criminal Case                                                    Page **3** of **5**
Defendant:  RODNEY JAMIE HICKS
Case Number:  2:19-CR-00043-Z-BR(1)

(11) notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer;
(12) not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and,
(13) notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement, as directed by the probation officer.

Also, as set forth in the Order Setting Other Terms of Supervised Release signed and dated September 17, 2019, the Defendant shall comply with the below-listed other conditions of supervised release, which are derived from Sections 5D1.3(a), (b), (d), and (e), in relevant part:

1. The defendant must not commit another federal, state or local crime.

2. The defendant must not unlawfully possess a controlled substance.

3. The defendant must cooperate in the collection of DNA as directed by the probation officer.

4. The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

5. The defendant shall participate in mental health treatment services as directed by the probation officer until successfully discharged, which services may include prescribed medications by a licensed physician, with the defendant contributing to the costs of services rendered (copayment) at a rate of at least $20 per month.

6. The defendant shall participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. The defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $20 per month.

### FINE/RESTITUTION

The Court does not order a fine or costs of incarceration because the defendant does not have the financial resources or future earning capacity to pay a fine or costs of incarceration.

Restitution is not ordered because there is no victim other than society at large.

Judgment in a Criminal Case  Page **4** of **5**
Defendant:  RODNEY JAMIE HICKS
Case Number:  2:19-CR-00043-Z-BR(1)

## FORFEITURE

Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), and subject to the provisions of 21 U.S.C. § 853(n), it is hereby ordered that Defendant's interest in the following property is condemned and forfeited to the United States:

> 84 Rounds of ammunition — including any additional ammunition, magazines, and/or firearms accessories recovered.

Judgment in a Criminal Case  Page **5** of **5**
Defendant:  RODNEY JAMIE HICKS
Case Number:  2:19-CR-00043-Z-BR(1)

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
United States Marshal

BY _____
Deputy Marshal